I'd like to address the issue which I believe is the point that will make or break this case. And the issue is, is sex assault in the third degree under Hawaii Revised Statute 707.732.1b Is it categorically a crime of sexual abuse of a minor as defined under the federal statute, or for, in this particular case, immigration purposes? I think the answer is no. It's not a categorical match. It's not even a divisible statute. And the reason we know that is this. We take a look at the statute. Not the underlying facts. We take a look at the statute. That's where we always start. And when we take a look at 707.732.1b, it is clear, it is abundantly clear, that it doesn't fit the federal definition. For example, State v. Kalani. That's the Hawaii case that tells us what is sexual contact. What is sexual contact in the context of 707.732.1b? It defines sexual contact by looking at the statute. The statute doesn't tell us what is sexual contact. It tells us intimate body parts. But the court, the Hawaii courts, have said that intimate body parts, unlike its federal counterpart, encompasses any part of the body, including the mouth. In Kalani, for example, it was kissing. Including the tongue, the touching of the tongue. That's sexual contact. That, under the Hawaii state statute, is sexual abuse of a minor. I'm sorry, not sexual abuse of a minor. I'm sorry, I said it wrong. It's the Hawaii case says, and I think you quoted accurately, any body part that's typically associated with sexual relations. Correct? That's the language of the Hawaii court. Well, the Hawaii courts, that's what the Hawaii court indicated. I don't know if we can say it indicated in the sense that we need to look to the Hawaii law, don't we? That is correct. And if we take a look at the federal counterpart, there needs to be some sexual motivation to constitute abuse. Forget about the age. Fourteen years old, which we conceded it is. It is. Fourteen years old is fourteen years old. But in the context of the federal definition, there needs to be some sexual motivation. That's why when we take a look at the Washington case, I can't recall the name, where the person was charged with assault of a minor, but there was a special provision in the separate statute that indicated that the context of the assault was for sexual motivation purposes. Here, when you take a look at the Hawaii statute, State v. Kalani had to go to the legislative history to indicate what exactly does sexual contact mean. And they pointed it out. Yes, initially there's talk about contact in the nature of sexual gratification. One satisfying one's own gratification for sexual purposes. That might be a way to distinguish the facts of this case from Diego v. Sessions, which analyzed the Oregon statute. That's very similar, but includes an element of sexual gratification. But what about the Hawaii Supreme Court decision in State v. Silver that held that the contact had to be in a sexual context, and the court explained the difference between touching body parts while roughhousing in the pool versus while sleeping next to a minor in a sexual context? In Silver, it was the touching of intimate body part, which is the buttocks, which the Supreme Court told us in Hawaii, it's an intimate body part. But that's not what Silver said, because Silver drew a distinction between touching the minor's buttocks while playing in the pool, throwing them back and forth, versus touching the minor's buttocks while sleeping next to the minor. And held that it has to be in a sexual context for it to be criminalized. And so the Hawaii Supreme Court seems to have drawn that distinction that would make this case really indistinguishable from Diego v. Sessions. Well, then you take a look at the next case, which is Matsumoto, which counsel here cited in the supplemental memorandum to this court. In Matsumoto, the court vacated on other grounds, but the court essentially addressed the issue of sexual contact in the context as to how the jury should be explained as to what contact means. Contact, in that point in Matsumoto, has to be in the context of a sexual contact. And again, in Matsumoto, as in Silver, the issue was the instruction as to what is an intimate body part. One of the main issues was the intimate of the body part. Again, it dealt with buttocks. And it makes a distinction, as Your Honor has stated, the factual basis, the factual differences of playfully touching someone's buttock. Perhaps in Matsumoto's case, he was a wrestling coach. The complainant was a wrestler. So touching someone's buttock in that context. But again, when you take a look at the statute in itself, it is simply overbroad. Well, we don't just look at the statute, though. We can look at how state case law, how the state Supreme Court has defined the elements of the statute. And what you're saying with Matsumoto seems to be the same as what the court said in Silver, which is that it has to be in a sexual context, which would then satisfy the first prong of the second definition of the generic sexual abuse of a minor definition for the federal definition. So you've conceded that the statute protects a minor. That's the second prong. And our court has held that sexual contact of any sort with a person 14 or younger is per se abusive. So that leaves the first prong of the definition is whether the contact is sexual, or the prohibited context is sexual. Well, sexual, the definition of sexual in itself requires some sort of abusive, there's some sort of abuse, physical force to actually cause contact that would constitute some sort of sexual motivation on the person's behalf. I'm not sure where that derives from. I mean, it's sexual relations, and then the Hawaii between Kalani and Silver fills in the blanks as to what we mean by that. I just want to make sure I understood your last statement, that you said, well, you need to show some kind of abuse. Well, force, the element of force. What do you mean by that? I mean, it's the sexual contact, the unwanted sexual contact. So where does the word abuse come in? Well, I think when you take a look at the generic definition, federal generic definition of sexual abuse, and again, I point out it is sexual abuse in the context of the federal statute. In the Hawaii statute, it is sexual contact. Sexual contact in this Hawaii statute is defined as any contact. And as far as I can tell, Matsumoto, Silver, they have not overturned the Hawaii Supreme Court's understanding of what sexual contact means in the state of Hawaii under the statute. Sexual contact is contact of any intimate body parts, and they define intimate body part as opposed to the federal statute of sexual intercourse or penetration, they define intimate body part as kissing, for example, the mouth. But, Counsel, we've gone over this a few times. We've read Silver. It says more than that. It says that it has to be in a sexual context. It's not just any touching, even if it's of a particular body part that is typically associated with sexual relations. That's not enough. It had to be in a sexual context. So it seems that the Supreme Court has filled in that gap that would satisfy the first prong of the second federal definition, which is that the contact prohibited by the statute is sexual in nature, which is different from whether it's abusive. That's the third prong of the definition. There are two different parts. And I think what you might be doing here is conflating the first and the third prong of the definition. Well, I think, in a way, they're somewhat related because the first prong is, as you stated, the sexual conduct. The second prong is, of course, the age, which there is no dispute. And, really, the issue then becomes what is abuse. But we know that under 14, according to Diego, is abuse per se. So you're right back to the first prong, aren't you? Not necessarily. Okay. Because Diego tells us 14 per se. Does that mean that there's not a rebuttable assumption that it is not per se? When you take a look at the Hawaii statute in context, what is sexual contact? Does it equate to sexual conduct? And that's why we're kind of going around in circles. But the key is, was there, in fact, abuse? The Hawaii statute, is there, in fact, abuse equivalent to that of the federal counterpart? And it's our position that it's not because the federal counterpart requires very specific abuse. On the state side, it is overly, overly broad. That is why it's our position that it is not even a divisible statute. Well, we haven't really touched on that part of your argument, but you said at the outset this statute is not divisible and then moved on from there. But the statute appears to criminalize different conduct and set out different criminal offenses. And if that is the case, then it is divisible. It's our position that it does not set out different elements. 707-700, definition of sexual conduct, does not set out different elements of the offense. The offense is defined under 707-732-1B. But you can commit an offense under 707-732 in a number of ways that are listed as A through F, and then finally the statute says that this is sexual assault in the third degree. That's right. And one of the ways that you can commit this offense is under subsection B, which we were discussing, which is having sexual contact with a minor. And then there's another way to do this, which is to have sexual contact with a person who is incompetent, and that's section D. These appear to be different crimes. It appears that the statute is not just defining multiple ways to commit the same crime, but different crimes, different victims. The point is this. Subsection A is a different offense from subsection B. Exactly. So we're agreeing, and that means that the statute is divisible, which means that we go to the modified categorical approach. Well, it's our position, with all due respect, Your Honor, 701-B is a specific, one specific offense, and 1B tells us sexual contact is defined under 707-700. I think I have your argument in mind on the divisibility, but you might want to save your remaining time. Oh, I'm almost done. Okay. Thank you very much, Your Honor. Thank you. Good morning. May it please the Court. Stephen Nwegio appearing on behalf of the Attorney General. This Court should deny in part and dismiss in part the petition for review. To start, the Court should deny the petition because the agency correctly decided that Mr. Aguilar's conviction for sexual assault in the third degree is categorically a sexual abuse of a minor aggravated felony. As relevant here, the generic definition of sexual abuse of a minor includes three requirements. It requires conduct that is sexual, against a minor, and is abusive. Here, the second and third requirements are plainly satisfied because the statute of conviction prescribes sexual conduct against a child under the age of 14. Thus, that conduct is per se abusive. The first requirement is also satisfied because the statute of conviction covers only sexual conduct. That fact is made clear by decisions of the Hawaii Supreme Court, which has said that the conduct must be viewed in context and must have sexual connotations or be associated with sexual relations. Mr. Aguilar has pointed to no case showing that this statute is applied in an overbroad way. Thus, the agency correctly decided that Mr. Aguilar's conviction is categorically a sexual abuse of a minor aggravated felony. Next, the Court should dismiss for lack of jurisdiction the petition to the extent Mr. Aguilar attempts to challenge the agency's particularly serious crime determination. Under Section 1252A2C, this Court lacks jurisdiction to review that determination because Mr. Aguilar is removable for having been convicted of an aggravated felony. Although Section 1252A2D restores this Court's jurisdiction to review colorful constitutional claims or questions of law, Mr. Aguilar has raised no such claim or question here. To the extent he argues that he is not a danger to the community, this Court has repeatedly said that the agency is not required to make a separate finding regarding dangerousness. And moreover, to the extent he argues that he was sentenced to one year of imprisonment, that fact alone does not preclude the agency from deciding that Mr. Aguilar was convicted of a particularly serious crime. Finally, the Court should deny the petition because Mr. Aguilar did not establish his eligibility for deferral of removal under the Convention Against Torture. Mr. Aguilar was not tortured in the Philippines. He did not show that he faces a particularized threat of torture if he should be returned there. And he did not show that he could not reasonably relocate within the Philippines. Indeed, Mr. Aguilar and his family safely moved to Manila for more than two years before they came to the United States in 1983. Finally, the record does not compel the conclusion that the Filipino government would acquiesce in Mr. Aguilar's torture. Thus, if the Court has no questions, we would ask that the Court dismiss in part and deny in part the petition for review. Thank you. Thank you. Your Honor, I do have about a minute left, so I'll try to make it very brief. There was an issue, maybe perhaps if we apply the modified approach to determine whether the offense in this particular case constituted a sex abuse of a minor. It's our position that it is not. The record is clear. He entered pleas to amended charges. And in this particular case, the charge is simply to the 707-732-1B. There may be questions as to what about the attempted sex assault in the second degree, which is the 707-731. That has nothing to do with a minor. It's simply a sex assault. And that's why when we talk about the divisibility or indivisibility under 707-732-1B, it is a divisible statute in that there's separate offenses. But 707-732-1B is one offense. And that the means of committing that offense are within 707-700. And 707-700, they're not elements. Thank you, Your Honor. Thank you. Thank you. Thank both counsel for the argument this morning. The case just argued. Aguilar v. Barr is submitted.
judges: Farris, McKeown, Bade